UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
FELIX W. ENDICO, Individually and Derivatively on
Behalf of Nominal Defendant UFS. Industries, Inc.,

                               Plaintiff,

            -against-

WILLIAM A. ENDICO and ACE ENDICO CORP.,

                               Defendants,

And

UFS INDUSTRIES, INC.,

                               Nominal Defendant.
-------------------------------------------------------------X

**OPINION AND ORDER**

19 Civ. 7231 (JCM)

         Plaintiff Felix W. Endico ("Plaintiff" or "Felix") brought this action against Defendants

William A. Endico ("William") and ACE Endico Corp. ("ACE Endico"), (collectively,

"Defendants"), and nominal Defendant UFS Industries, Inc., d/b/a Sally Sherman ("Sally

Sherman"), alleging: corporate waste, aiding and abetting corporate waste, breach of fiduciary

duty (individually and derivatively, on behalf of Sally Sherman), aiding and abetting breach of

fiduciary duty (individually and derivatively), unjust enrichment (derivatively), aiding and

abetting unjust enrichment (derivatively), conversion (derivatively), aiding and abetting

conversion (derivatively), unfair competition (derivatively), aiding and abetting unfair

competition (derivatively), constructive trust (derivatively), and for an accounting (derivatively).

(Docket No. 1-1).[1]  Following the Court's summary judgment decision, Felix's only remaining

---

[1] This action is before this Court for all purposes on the consent of the parties, pursuant to 28 U.S.C. § 636(c).
(Docket No. 51).

claims are for derivative breach of fiduciary duty and an accounting against William. (Docket No. 74 at 28).  William's counterclaims against Felix also remain. (Docket No. 21).

Presently before the Court is Plaintiff's motion to dismiss this action for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). (Docket No. 96).  Along with his motion, Plaintiff filed an affirmation in support, (Docket No. 97), and a memorandum of law, (Docket No. 98) ("Pl. Mtn.").  William filed an opposition, (Docket No. 99) ("Def. Opp'n"), and Felix replied, (Docket No. 100) ("Pl. Reply").  For the reasons set forth below, the Court concludes that it does not have subject matter jurisdiction because diversity jurisdiction is lacking.  Furthermore, the Court remands this case to the Supreme Court of the State of New York, County of Westchester, pursuant to 28 U.S.C. § 1447(c), and denies Plaintiff's motion to dismiss as moot.

## I.   BACKGROUND

### A.  Relevant Facts

The Court incorporates by reference the full recitation of facts in its summary judgment Opinion and Order, (*see* Docket No. 74), and briefly summarizes only the facts that are relevant to the instant motion.  This case centers on a business dispute between two brothers who are equal shareholders in Nominal Defendant Sally Sherman.[2]  The facts necessary to resolve this motion are undisputed.[3]  At the time this action was filed, Felix was a resident of Connecticut and William was a resident of New York. (Docket Nos. 1-1 ¶¶ 1-2; 1 ¶ 5).  Felix and William are each 50% shareholders of Sally Sherman. (Docket No. 1-1 ¶¶ 1-2; Def. Opp'n at 2, 6).  Sally

---

[2] The Court accepts as true the uncontroverted facts set forth in Plaintiff's Complaint for purposes of resolving the instant motion. *See Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014).

[3] However, "where jurisdictional facts are placed in dispute, the court has the power and obligation to decide issues of fact by reference to evidence outside the pleadings, such as affidavits." *LeBlanc v. Cleveland*, 198 F.3d 353, 356 (2d Cir. 1999).

Sherman is a New York corporation with its principal place of business in New York. (Docket Nos. 1-1 at ¶ 7; 1 ¶ 5b.).

**B. Procedural History**

Plaintiff filed his complaint on July 18, 2019 in the Supreme Court of the State of New York, County of Westchester. (Docket No. 1-1).  On August 2, 2019, Defendants removed the action to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. (Docket No. 1).  In the notice of removal, Defendants stated that "[c]omplete diversity between the parties existed at the time the State Court Action was filed and as of the date of Notice of Removal." (Docket No. 1 ¶ 6).  Specifically, Defendants noted that Nominal Defendant Sally Sherman "is properly considered a defendant for diversity and jurisdictional purposes." (*Id*. at n.1).

**II.  LEGAL STANDARD**

A court must dismiss an action for lack of subject matter jurisdiction when it lacks the statutory or constitutional power to adjudicate the case. *E&T Skyline Constr., LLC v. Talisman Cas. Ins. Co., LLC,* 19-CV-08069 (AT) (SN), 2020 WL 6531108, at *3 (S.D.N.Y. July 30, 2020), *report and recommendation adopted*, 2020 WL 5813770 (S.D.N.Y. Sept. 30, 2020); *see* Fed. R. Civ. P. 12(b)(1).  28 U.S.C. § 1332 provides that federal district courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between[]…citizens of different States." 28 U.S.C. § 1332(a)(1).  "[D]iversity jurisdiction is available only when all adverse parties to a litigation are *completely diverse* in their citizenships." *Herrick Co. v. SCS Commc'ns, Inc*., 251 F.3d 315, 322 (2d Cir. 2001) (emphasis added).  "Therefore, in a case with multiple defendants, if a single defendant is from the same state as the plaintiff, the district court loses diversity jurisdiction over the entire action." *Tutor Perini Bldg. Corp. v. New York City Reg'l Ctr., LLC*, 525 F. Supp. 3d 482, 496 (S.D.N.Y.

2021) (quoting *Phoenix Four, Inc. v. Strategic Rsch. Corp.*, 446 F. Supp. 2d 205, 212 (S.D.N.Y. 2006)).

"For diversity purposes, a corporation is considered a citizen of the state in which it is incorporated and the state of its principal place of business." *Bayerische Landesbank, New York Branch v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 48 (2d Cir. 2012); 28 U.S.C. § 1332(c)(1). A court evaluates the parties' citizenship at the time the action was commenced. *See E&T Skyline Constr., LLC,* 2020 WL 6531108, at *3; *see also Linardos v. Fortuna,* 157 F.3d 945, 947 (2d Cir. 1998). A court "may refer to evidence outside the pleadings, such as affidavits" when assessing subject matter jurisdiction. *Obstfeld v. Schwartz*, 621 F. Supp. 2d 87, 93 (S.D.N.Y. 2008). "[I]t is well established that '[t]he party seeking to invoke jurisdiction under 28 U.S.C. § 1332 bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete.'" *Herrick Co*., 251 F.3d at 322-23 (quoting *Advani Enter., Inc. v. Underwriters at Lloyds*, 140 F.3d 157, 160 (2d Cir.1998)).

In a shareholder derivative suit, the "general rule is that the corporation … should be aligned as a plaintiff since it is the real party in interest." *ZB Holdings, Inc. v. White*, 144 F.R.D. 42, 45 (S.D.N.Y.1992). However, courts have "carved out [an exception] for situations where aligning the corporation as a plaintiff would not provide a 'real collision' of interests." *Id.* (citing *Smith v. Sperling*, 354 U.S. 91, 97 (1957)). The corporation is properly aligned as defendant only where the "corporation is 'actively antagonistic' to plaintiff's interests." *Id.* at 45 (quoting *Duffey v. Wheeler*, 820 F.2d 1161, 1163 (11th Cir. 1987)). In determining the proper alignment of parties, courts must make a "practical [and] not a mechanical determination," taking into account the "pleadings and the nature of the dispute." *Smith*, 354 U.S. at 97. "[A]ntagonism has generally not been found where the corporation does not, would not, or cannot express

-4-

opposition to the initiation of the lawsuit." *Grgurev v. Licul*, 229 F. Supp. 3d 267, 282 (S.D.N.Y. 2017) (quoting *Obstfeld*, 621 F. Supp. 2d at 94).

## III.  DISCUSSION

### A.  Alignment of Sally Sherman

Felix argues that the default rule applies here, *i.e.*, Sally Sherman should be aligned with Plaintiff because "[Sally Sherman] is the real party in interest and there is a real collision of interests" between Sally Sherman and William. (Pl. Mtn. at 1).  Additionally, Plaintiff claims that "aligning [Sally Sherman] as a defendant would only be appropriate under an exception to the general rule if [Sally Sherman] was 'actively antagonistic' to the claims brought against William," which is "not the case here where a 50/50 ownership structure exists." (*Id.*).  William counters that "the exception requiring a corporation be aligned as a defendant applies where, as here, the parties are 50/50 shareholders and the defendant shareholder is in control of the corporation." (Def. Opp'n at 6).

Sally Sherman is a New York corporation with its principal place of business in New York. (Docket Nos. 1-1 at ¶ 7; 1 ¶ 5b.).  It is therefore a New York citizen for diversity purposes. *See Bayerische Landesbank, New York Branch*, 692 F.3d at 48; 28 U.S.C. § 1332(c)(1).  At the time the action was filed, Felix was a Connecticut resident and William was a New York resident. (Docket No. 1-1 ¶¶ 1-2).  Under the default rule for shareholder derivative suits, "the corporation … should be aligned as a plaintiff since it is the real party in interest." *ZB Holdings, Inc.*, 144 F.R.D. at 45.  Accordingly, applying that rule, Sally Sherman would be aligned with Felix, and complete diversity would not exist.

The Court, therefore, must determine whether the exception applies.  Here, Felix and William are 50% shareholders of Sally Sherman.  Courts have generally declined to find "active

antagonism" where a corporation is "deadlocked," *i.e.*, it could not render a decision in support of either equal faction. *Netwolves Corp. v. Sullivan*, No. 00 CIV. 8943 (AGS), 2001 WL 492463, at *7 (S.D.N.Y. May 9, 2001) ("a corporation that cannot act, a deadlocked corporation, is not considered 'actively antagonistic' to a lawsuit…because the corporation has not refused to sue, and will not clearly refuse to sue if it becomes able to render a decision").  For example, in *Cohen v. Heussinger*, the court found that a corporation in a shareholder derivative suit could "not be viewed as adverse to the plaintiff" where the plaintiff and defendant were "co-equal owners of" the corporation. *Cohen v. Heussinger*, No. 89 Civ. 6941 (SS), 1994 WL 240378, at *2 (S.D.N.Y. May 26, 1994).[4]  The court likened the situation as "comparable to those where management is deadlocked and one faction brings suit." *Id*. (collecting cases).  In addition, in *Grgurev*, 229 F. Supp. 3d at 282, the court declined to find active antagonism where the parties were co-equal shareholders.  The court stated that the fact that "exactly half of [the corporation's] shareholders" would vote to initiate litigation was not enough because "with 50% of the ownership on each side, the corporations cannot express their opposition to the initiation of this action." *Id*.  Accordingly, Sally Sherman cannot be viewed as "actively antagonistic" to Felix because, with 50% ownership on each side, it is deadlocked.

Nevertheless, relying on out-of-circuit authority, William argues that this Court should find active antagonism here because "the *Grgurev* case did not involve allegations or claims that one equal shareholder had complete control over the corporation to the exclusion of the other

---

[4] William attempts to differentiate *Cohen* because there was no allegation in *Cohen* that the shareholder-defendant exerted domination over the corporation. (Def. Opp'n at 7).  However, William overlooks that the *Cohen* court stated that, while the proposed amended complaint at issue in the decision did not contain such an allegation, the prior complaint did, and the shareholder-defendant, "in answering the present complaint, denied having any such control over [the corporation]." *Cohen*, 1994 WL 240378, at *2, n.3.  Similarly, William has denied each and every allegation that he exerted complete control over Sally Sherman to the exclusion of Felix in his Answer. (*Compare* Def. Opp'n at 6 (collecting relevant paragraphs of the Complaint) *with* Docket No. 21 (denying each of those allegations)).  Moreover, William denied that he dominated Sally Sherman to the exclusion of Felix throughout this litigation, including through the summary judgment phase. (*See, e.g.*, Docket No. 57 ¶¶ 14-17).

equal shareholder, as Felix alleges here." (Def. Opp'n at 6).  Felix counters that these cases are distinguishable and that the Court should follow *Grgurev*. (Pl. Reply at 6).  The Court agrees.

First, while *Grgurev* did not allege complete control, it did contain allegations that one of the defendants served as president of one of the shared corporations and was responsible for its financial books and records.  *See Grgurev,* 229 F. Supp. 3d at 274-76.  Even so, the court declined to find active antagonism and aligned the corporation with the plaintiffs.  Second, the out-of-circuit decisions upon which William relies are distinguishable and, in any event, not binding on this Court.  In *Ono v. Itoyama*, the plaintiff alleged that the defendant coequal shareholder had "dominated the corporation through fraud and, in essence, extortionate behavior." *Ono v. Itoyama,* 884 F. Supp. 892, 900 (D.N.J. 1995).  That case involved allegations that the defendant initiated a personal relationship with the plaintiff, acquired a coequal share in her company via fraudulent promises, made that company financially dependent on the defendant's independent company, proceeded to threaten to cut off the plaintiff and her employees financially if she did not accede to the defendant's "perverse and disgusting sexual demands," and then misappropriated the company's financial assets, including a valuable Fifth Avenue lease. *Id*. at 893-94.  In finding active antagonism, the court acknowledged that there was "support for [the plaintiff's] position" that, because the plaintiff and the defendant were "coequal shareholders and directors, management cannot be viewed as sufficiently opposed to the action for purposes of finding that a 'real collision' of interests exists." *Id*. at 900.  However, the court found that aligning the corporation with the defendant was appropriate in that case because of the allegation that the defendant "gained control of the corporation *through fraud and malfeasance*." *Id*. at 900-01 (emphasis added).  While Felix has alleged that William operates as a "de facto CEO," there are simply no similar allegations of fraud or extortionate behavior used

to gain control of Sally Sherman to the exclusion of Felix.  Furthermore, the language William

relies on in *Ohstrom v. P.B. Ohrstrom & Sons, Inc.,* 18-CV-971, 2018 WL 3545451, at *4 (N.D.

Ill. July 24, 2018), is dicta and is thus, at best, minimally persuasive. *Ohstrom,* 2018 WL

3545451, at *4 (noting that the court "need not address" the arguments regarding the

corporation's realignment because the court found those claims failed to meet the amount-in-

controversy requirement and dismissed them, but addressing them "[f]or sake of completeness"

if the plaintiff chose to amend the complaint); *see, e.g., Jimenez v. Walker*, 458 F.3d 130, 142

(2d Cir. 2006) ("[D]icta '[are] not and cannot be binding.  Holdings-what is necessary to a

decision-are binding.  Dicta-no matter how strong or how characterized-are not.'") (quoting

*United States v. Garcia*, 413 F.3d 201, 232 n.2 (2d Cir. 2005) (Calabresi, J., concurring)).  In any

event, *Ohstrom* is distinguishable because the court readily determined active antagonism where

the corporation had appeared in the action and joined in the defendant's motion to dismiss the

plaintiff's complaint. *Id*.  Here, Sally Sherman has never appeared.  Accordingly, the Court finds

William's out-of-circuit authority distinguishable and declines to adopt the conclusions set forth

therein.

Additionally, William implores the Court to assume that, because he intends to call

certain Sally Sherman employees to testify on his behalf at trial, that means Sally Sherman is

"actively antagonistic" to Felix for diversity purposes. (*See* Def. Opp'n. at 7, n.3).  First, these

employees are not shareholders.  Second, William provides no legal support that his designation

of certain witness-employees as trial witnesses on the Joint Pretrial Order bears on the question

of the proper alignment of the corporation for diversity purposes.  Indeed, "antagonism between

parties is determined based on the relationship between the parties at the time the action is

commenced." *Obstfeld*, 621 F. Supp. 2d at 94.  Thus, the actions of Sally Sherman management

in the three years since this case has been pending, (*see* Def. Opp'n at 7, n.3), and anticipated actions at trial, are not relevant to Sally Sherman's alignment for diversity purposes.

Accordingly, the Court finds that the general rule applies and Sally Sherman should be aligned with Plaintiff, thus there is no diversity jurisdiction.

### B. William's Counterclaims

For purposes of his counterclaims, William urges this Court to align Sally Sherman with William as a "nominal counterclaim-plaintiff." (Def. Opp'n at 7-8). But it is well-established that "the propriety of removal jurisdiction is determined from the face of the complaint, not from any counterclaims." *180 Varick, LLC v. Think Passenger, Inc.,* No. 13 Civ. 2138 (KBF), 2013 WL 3146828, at *2 (S.D.N.Y. June 20, 2013) (citing *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc*., 535 U.S. 826, 831 (2002)); *see also Retained Realty, Inc. v. Lieto*, No. 08 Civ. 7975 (SCR) (GAY), 2009 WL 497351, at *2 (S.D.N.Y. Feb. 26, 2009) ("[I]t is well-established that neither a federal defense nor counterclaim will create removal jurisdiction"); *Dist. Council 1707 Loc. 389 Home Care Employees' Pension & Health & Welfare Funds v. Strayhorn*, No. 11 Civ. 7911 (PAC), 2013 WL 1223362, at *6 (S.D.N.Y. Mar. 25, 2013) ("[U]nder the well-pleaded complaint rule, federal jurisdiction cannot rest upon a counterclaim"). Moreover, because the Court does not have jurisdiction over the diversity claims in the Complaint, it "need not address the question of its supplemental jurisdiction over the state law [counter]claim[s]." *Dist. Council 1707 Loc. 389 Home Care Employees' Pension & Health & Welfare Funds*, 2013 WL 1223362, at *6; *see* 28 U.S.C. § 1367(a). Accordingly, having decided that the Court lacks diversity jurisdiction over Felix's claims, the Court does not opine on Sally Sherman's alignment for purposes of William's counterclaims because those counterclaims cannot confer federal jurisdiction over this action.

## C. Remedy

A federal court "shall" remand a case "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c); *see also Rosenberg v. Shemiran Co., LLC*, 20-CV-0229 (CM), 2020 WL 550278, at *1 (S.D.N.Y. Feb. 3, 2020) ("A federal district court may *sua sponte* remand an action…at any time for a lack of subject matter jurisdiction."). Accordingly, the Court remands this action the Supreme Court of the State of New York, County of Westchester.[5]

## IV. CONCLUSION

For the reasons set forth herein, the Court concludes that it does not have subject matter jurisdiction because diversity jurisdiction is lacking. Furthermore, the Court remands this case to the Supreme Court of the State of New York, County of Westchester, pursuant to 28 U.S.C. § 1447(c), and denies Plaintiff's motion to dismiss as moot. The Clerk of the Court is respectfully requested to terminate the pending motion (Docket No. 96), remand the case and terminate this action.

Dated:  May 11, 2023
       White Plains, New York

                                **SO ORDERED:**

                                JUDITH C. McCARTHY
                                United States Magistrate Judge

---

[5] Even assuming, *arguendo*, that William's counterclaims rested on an independent ground of federal jurisdiction, the Court would decline, in its discretion, to retain jurisdiction over the counterclaims because "the entire controversy is best decided in one court—here, the state court, because the claims of both the plaintiffs and the defendant arise from the same" transactions. *Glinkenhouse v. Silver*, 07-CV-0462 (ADS) (AKT), 2007 WL 9711200, at *3 (E.D.N.Y. Dec. 20, 2007).